**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bernard HAWKINS, Defendant–**
**Appellant.**

**No. 05–4218.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2006.

Decided Feb. 16, 2006.

Gary T. Bell, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

James N. Thiros, Cohen & Thiros, Merrillville, IN, for Defendant–Appellant.

Before Hon. WILLIAM J. BAUER, Hon. FRANK H. EASTERBROOK, and Hon. DIANE S. SYKES, Circuit Judges.

### ORDER

Bernard Hawkins again appeals his 151–month sentence for assaulting a federal law enforcement officer, reimposed by the district court after we remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Hawkins again argues that he was entitled to have a jury determine whether he is a career offender for purposes of the Sentencing Guidelines. We rejected this argument in Hawkins's first appeal, citing *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and also *United States v. Lewis*, 405 F.3d 511, 513–

14 (7th Cir.2005), which reaffirmed that the determination of whether a prior conviction qualifies as a crime of violence for purposes of a guidelines recidivist enhancement is a legal rather than factual determination. Even if *Almendarez–Torres* were overruled, Hawkins's argument would be a loser; this case involves a guidelines (not statutory) recidivist enhancement, and guidelines calculations are governed by the remedial opinion in *Booker*. See *United States v. Woodard*, 408 F.3d 396 (7th Cir.2005).

Hawkins also renews his argument that his prior escape conviction cannot be considered a crime of violence because it was only a "walkaway" escape (from a halfway house), not a forcible escape. We rejected this argument last time, too, having previously held that escape is categorically a crime of violence under the guidelines. See *United States v. Bryant*, 310 F.3d 550, 554 (7th Cir.2002).

Hawkins's 151–month sentence is within a properly calculated guidelines range and is reasonable. Hawkins objects to the increased range produced by application of the career offender enhancement, but that's not a ground on which a sentence is unreasonable. To the contrary, Congress requires career offenders to be sentenced near the statutory maximums. See 28 U.S.C. § 994(h). The United States would have had a solid argument that a 151–month sentence is too low (the statutory maximum is 240 months); it can't be called too high.

AFFIRMED.